## (April 21, 1975)

■ In the Matter of THOMAS F. GRIMES, an Attorney, Respondent. NICHOLAS C. COOPER, Petitioner.—After several sessions of a hearing before Mr. Justice CHARLES RUBIN in this disciplinary proceeding, respondent has submitted to this court a written statement, dated March 10, 1975, with a supporting affidavit, that he thereby resigns from the Bar. Respondent was admitted to the Bar by this court on December 11, 1940. The original petition contained five charges of professional misconduct as follows: (1) Respondent received nine checks payable to himself as attorney for his clients, totaling $29,510.46, his fee was 25% thereof, and he converted the clients' shares thereof, more than $22,000, to his own use. (2) On May 14, 1970 respondent, as attorney for a decedent's estate, received the contents of decedent's safe deposit box, including five $1,000 2½% United States Treasury bearer bonds and cash totaling $5,891.70, for the purpose of depositing this cash and the cash proceeds upon redemption of the bonds into the estate bank account, but he converted this cash and the cash proceeds of the bonds to his own use, and, in an attempt to conceal the conversion, paid the coexecutrix $10,871.70 out of the funds he had converted from the above-mentioned $29,510.46. (3) After being paid the full agreed-upon fee of $2,500 for all services in the decedent's estate just above mentioned, and between April 10, 1972 and January 20, 1973, respondent took a total of $5,000 "in unauthorized attorney's fees" out of the estate checking account for himself. (4) On January 23, 1974 and on April 26, 1974, respondent testified falsely before the Brooklyn Bar Association's Committee on Grievances and before the Additional Special Term of the Supreme Court, Kings County, for the judicial inquiry on professional conduct, respectively, regarding the above-mentioned $5,891.70 cash. (5) On April 22, 1974 respondent appeared at the offices of the District Attorney of Kings County for the purpose of giving a statement regarding a complaint that he had failed to account for assets of the estate involved in the above-mentioned charge No. 2, but there falsely stated that he had deposited "the $5,289.70" and the cash proceeds of the five treasury bonds in the estate bank account. Four additional charges of misconduct were alleged in a supplemental petition, all with respect to a

certain decedent's estate, as follows: (1) Respondent, as cotrustee of a trust, had in his possession $45,000 worth of bonds and sold $40,000 of them on September 21, 1966 and the remaining $5,000 of them on October 11, 1966 and thereafter converted all of the total of $45,000 funds to his own use. (2) Despite repeated demands of his coexecutor and cotrustee, from December 31, 1973 until February 11, 1975 (the date of the supplemental petition), for an accounting concerning this trust, respondent failed to account and on February 3, 1975 resigned as cotrustee and as coexecutor of the estate after being served with an order of the Surrogate of Kings County compelling him to account. (3) Beginning on May 21, 1969 respondent made numerous misrepresentations to his coexecutor and cotrustee, including the following: (a) on or about May 21, 1969 respondent falsely advised that he had added the proceeds of one $5,000 bond to the estate checking account and (b) on or about February 14, 1974 he falsely represented to his coexecutor and cotrustee that the balance in the trust account was $12,795. (4) Between April 14, 1971 and May 13, 1971 respondent caused six checks, totaling $4,500, to be drawn upon the estate checking account against insufficient funds, as a result of which each of said checks was returned unpaid. The respondent has stated in the affidavit supporting his resignation, *inter alia,* the following: "I am convinced that I cannot successfully defend myself against the charges. * * * I have carefully considered my decision and it is my own and not the product of coercion, threats or promises by anyone." We believe that this acknowledgment is an admission of the charges specified. Petitioner has submitted an affidavit with respect to the tendered resignation, requesting that the resignation be accepted. Under the circumstances, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent's name be struck from the roll of attorneys and counselors at law, effective forthwith. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.